PUBLIC UTILITY COMMISSION OF TEXAS, Appellant,

v.

TARRANT UTILITY COMPANY, Appellee.

No. 13221.

Court of Civil Appeals of Texas, Austin.

Oct. 29, 1980.

Rehearing Denied Oct. 29, 1980.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for appellant.

Lawrence S. Smith, Small, Craig & Werkenthin, Austin, for appellee.

**644**

ON MOTION FOR REHEARING

PER CURIAM.

The opinion of this Court handed down on September 24, 1980, is withdrawn, and the following opinion is substituted.

This is an appeal from the judgment of the trial court in granting appellee a temporary injunction and in setting aside an interim rate order fixed by the Public Utility Commission in Docket 2914.

The temporary injunction expires by its own terms when the Commission enters a final order in Docket 2914.

The provisions of the June 13 order, *inter alia*, require appellee to refund to its customers the difference between the amounts collected under the temporary injunction and the rates finally adopted by the Commission in Docket 2914 for the period from the date of granting the injunction to the date of the final order. These funds are the factual gist of this appeal.

The principal law questions in the appeal to this Court are those of jurisdiction of the trial court to enter the judgment complained of. Since there is a final order and since the Commission has adopted rates retroactive to the date of the temporary injunction, this question is now moot.

Any remaining questions relative to this appeal, all of which hinge on the jurisdictional points, can be answered by the Court in an appeal of Docket 2914, if any.

When a cause becomes moot on appeal, all previous orders and judgments must be set aside and the cause, not merely the appeal, dismissed. *Freeman v. Burrows*, 171 S.W.2d 863 (Tex.1943).

The judgment of the district court is reversed and set aside and the cause is dismissed without prejudice to the rights of any party hereto. *Freeman v. Burrows, supra.*

Reversed and Dismissed on Motion for Rehearing.